UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12379-MLW

EMORY ZIPPERER, )
    Plaintiff, )
     )
v. )
     )
RAYTHEON COMPANY, )
    Defendant. )

## ANSWER

Defendant Raytheon Company ("Raytheon")[1] answers the complaint of plaintiff Emory Zipperer ("Zipperer") as follows.

### NATURE OF THE ACTION

1. This paragraph summarizes the complaint and does not require a response. To the extent a response is required, denied.

### PARTIES

2. Raytheon currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3. Raytheon admits that it is a corporation. Otherwise, denied.

### Factual Allegations

4. Admitted, except that Zipperer's title was Engineering Assistant-Mechanical.

5. Raytheon admits that Zipperer began participating in the United Engineers & Constructors Inc. ("UE&C") Retirement Plan but denies the alleged date.

6. Admitted.

7. Denied.

8. Denied.

9. Admitted.

---

[1] Raytheon is incorrectly named in the complaint as Raytheon Company, Inc.

10. Raytheon denies the first part of this sentence, and admits the allegations with respect to funding.

11. Admitted.

12. Admitted.

13. Admitted, except as to the characterization of RSN as a "specialty" company, which is denied.

14. Raytheon currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15. Raytheon currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

16. Admitted.

17. Admitted, except as to the characterization of Mr. Bishop's position, which is denied.

18. Raytheon states that the referenced document speaks for itself and therefore denies the allegations of this paragraph.

19. Raytheon states that the referenced document speaks for itself and therefore denies the allegations of this paragraph.

20. Raytheon currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

21. Raytheon currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

22. Raytheon currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

23. Admitted.

24. Raytheon states that the referenced document speaks for itself and therefore denies the allegations of this paragraph.

25. Admitted.

## COUNT I
## NEGLIGENCE

26. Raytheon restates its responses to the above paragraphs.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Raytheon denies that Zipperer is entitled to the relief requested in this paragraph.

## COUNT II
## EQUITABLE ESTOPPEL

34. Raytheon restates its responses to the above paragraphs.

35. Denied.

36. Denied.

37. Denied.

38. Raytheon denies that Zipperer is entitled to the relief requested in this paragraph.

## COUNT III
## NEGLIGENT MISREPRESENTATION

39. Raytheon restates its responses to the above paragraphs.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Raytheon denies that Zipperer is entitled to the relief requested in this paragraph.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Zipperer's complaint, in whole or in part, fails to state a claim for which relief can be granted.

### Second Affirmative Defense

Zipperer's complaint is completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. 1001 *et seq*.

### Third Affirmative Defense

Zipperer's entitlement to relief, if any, is limited to the relief available under ERISA.

### Fourth Affirmative Defense

Zipperer's entitlement to relief, if any, is governed by the relevant plan documents.

### Fifth Affirmative Defense

Zipperer's complaint fails based on Raytheon's lack of bad faith, fraud, or other misconduct.

### Sixth Affirmative Defense

Zipperer's complaint fails, because his purported reliance on incorrect information was not reasonable.

### Seventh Affirmative Defense

Zipperer's is not entitled to a jury trial under ERISA.

WHEREFORE, Raytheon requests that the complaint be dismissed with prejudice and that it be awarded its attorneys' fees and costs.

RAYTHEON COMPANY
By its attorneys,

_/s/ Stephen S. Churchill_
James F. Kavanaugh, Jr.
BBO# 262360
Stephen S. Churchill
BBO# 564158
CONN KAVANAUGH ROSENTHAL
 PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA 02109
(617) 482-8200

Dated: December 19, 2003
190541.1

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand)(mail) on __12/19/03__
_/s/ SC_

5