# *Commonwealth of Massachusetts*
# SUPERIOR COURT DEPARTMENT
# THE TRIAL COURT
## CAMBRIDGE

MICV. 2003- 03-4225

I, Karen O'Connor, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings entered in the Superior Court on the 15th. of October in the year of our Lord Two Thousand three

In testimony whereof, I hereunto set my hand and affix the seal of said Superior Court, at Cambridge, in said County, this 22nd. of Dec. in the year of our Lord Two Thousand. three

*[signature]*
Deputy Assistant Clerk



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

|  |  |
|---|---|
| EMORY ZIPPERER, | ) |
| Plaintiff, | ) |
| v. | ) 03 CV 12379 MLW |
| RAYTHEON COMPANY, | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant Raytheon Company ("Raytheon") hereby removes this action to the United States District Court for the District of Massachusetts. As grounds therefore, Raytheon states as follows.

1. Raytheon was served with the Summons and Complaint on October 29, 2003. Copies of all process, pleadings, and orders currently received by Raytheon are attached hereto as Exhibit A in accordance with 28 U.S.C. § 1446(a).

2. Pursuant to 28 U.S.C. § 1446(b), this removal notice is timely.

3. In his claim, the plaintiff brings three claims – for negligence, equitable estoppel, and negligent misrepresentation – each of which is based on Raytheon's alleged conduct as an administrator of a pension plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* For example, in paragraph 20, Zipperer alleges that "[b]ased on information [he] received from the [Raytheon Engineers & Constructors] Pension Administrator, [he] and his wife Mary each decided to retire, purchase a motor coach and travel throughout the United States." Zipperer alleges that the information he received from the

pension administrator was incorrect, thereby causing him to retire earlier than he otherwise would have.

4.  Zipperer's claims are governed exclusively by ERISA and are in the nature of a breach of fiduciary duty under § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

5.  The district courts of the United States have exclusive jurisdiction over all claims under § 502(a)(3) of ERISA. 29 U.S.C. § 1132(e)(1).

6.  Concurrent with the filing of this Notice of Removal, Raytheon is providing notice of the removal to all adverse parties and to the clerk of the Middlesex Superior Court, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Raytheon removes this action pursuant to 28 U.S.C. §§ 1441 and 1446.

RAYTHEON COMPANY
By its attorneys,

_____
James F. Kavanaugh, Jr.
BBO# 262360
Stephen S. Churchill
BBO# 564158
CONN KAVANAUGH ROSENTHAL
 PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA 02109
(617) 482-8200

Dated: November 25, 2003

188784.1

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand/mail) on 11/25/03.

_____

Case 1:03-cv-12379-MLW   Document 4   Filed 01/08/2004   Page 4 of 16

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

No. 03-4225

Emory Zipperer
..............................................Plaintiff(s)

v.

Raytheon Company, Inc. .Defendant(s)

## SUMMONS

To the above-named Defendant: Raytheon Company, Inc., 141 Spring Street, Lexington, MA

You are hereby summoned and required to serve upon Theresa Finn Dever plaintiff's attorney, whose address is 210 Broadway, Suite 201, Lynnfield, MA 01940 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Cambridge either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, ROBERT A. MULLIGAN  Esquire, at ......................................................
the ........Twenty-third......................... day of .....October.......................
..............................year of our Lord ~~one thousand nine hundred and~~ two thousand and three

Edward J. Sullivan
Clerk

DEPUTY SHERIFF
Middlesex County
10-29-03

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

FORM NO. SUP.—001

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                    SUPERIOR COURT

| | |
|---|---|
| EMORY ZIPPERER | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 03-4225 |
| RAYTHEON COMPANY, INC. | ) |
| Defendant. | ) |

### COMPLAINT

### NATURE OF THE ACTION

1.  Plaintiff Emory Zipperer ("Zipperer") brings this action for negligence against Defendant Raytheon Company, Inc. ("Raytheon") in connection with the Defendant's negligent maintenance of employment records concerning Zipperer's years of employment with Raytheon and its affiliates and successors. Raytheon's failure to maintain proper corporate records concerning Zipperer's employment resulted in Raytheon Benefit Center's provision of incorrect data and information to Zipperer concerning his retirement benefits. Plaintiff seeks to recover damages, interest, costs and attorney's fees for Raytheon's negligence.

## PARTIES

2. The Plaintiff Emory Zipperer ("Zipperer") is an individual with a permanent address of 149 Rainbow Drive, No. 4996, Livingston, Texas.

3. The Defendant Raytheon Company ("Raytheon") is a corporation organized under the laws of the Commonwealth of Massachusetts having a principal place of business at 141 Spring Street in Lexington, Massachusetts.

## Factual Allegations

4. Emory Zipperer began working for United Engineers & Constructors, Inc. (UE&C), a wholly owned subsidiary of Raytheon, on November 20, 1972 as a field engineer in the nuclear power division.

5. On or about January 1, 1975, Zipperer began participating in the UE&C Retirement Plan.

6. On or about November 2, 1990, Zipperer began working for a Raytheon subsidiary, Raytheon Services, Nevada ("RSN") at the request of his employer. (See document from personnel file attached hereto as Exhibit A).

7. RSN participated in atomic testing and chemical weapons disposal programs at sites in Nevada.

8. Upon information and belief, Raytheon formed RSN in order to protect itself from the potential liabilities associated with atomic testing and chemical weapons disposal.

9. When Zipperer began working for RSN no monies were transferred from the UE&C retirement plan to the RSN plan since Zipperer was "still a Raytheon employee and both plans were part of the Raytheon Master Trust Fund."

10. Although both plans were administered by Raytheon Benefit Center, assets for the RSN Pension Plan were paid by Department of Energy funding while the UE&C plan assets were from proceeds of UE&C.

11. According to the Raytheon Benefit Center, Zipperer's service date with RSN was adjusted to reflect his prior service with UE&C.

12. On October 4, 1993, Mr. Zipperer separated from his employment at RSN and was rehired at RE&C, a successor to UE&C, on November 29, 1993. RE&C immediately credited Zipperer with his prior years of service with UE&C for the purpose of calculating his pension benefits.

13. On or about December 30, 1995, Betchel Nevada through a competitive bid process replaced RSN as a contractor for the DOE. RSN was a specialty company for Raytheon solely for the purpose of administering work for the DOE, Nevada Operations. The Raytheon Benefit Center has represented that as of that date, the RSN pension trust fund monies were transferred to the Bechtel Nevada Employees Retirement Plan.

14. Apparently when RSN was succeeded by Betchel, RE&C was not notified by Raytheon and RSN that Zipperer's entire vested RSN benefit which included [his] UE&C benefit) was being transferred to Bechtel.

15. Accordingly, when RE&C was sold to Washington Group International ("WGI") on July 7, 2000, Raytheon reported this incorrect, overstated benefit transferred to the Raytheon Benefits Center database.

16. None of the Raytheon pension plans were amended to reflect the asset transfers to the Betchel pension plan.

3

17. On or about December 27, 1999, Zipperer completed a Request for Retirement Calculations Form and sent it to W. Scott Bishop, the Pension Administrator for RE&C.

18. On that Form, Zipperer indicated that he had prior service with United Engineers & Constructors, Inc. and Raytheon Company. On the Form, he requested that his retirement benefits be calculated as of April 1, 2000.

19. On or about February 16, 2000, RE&C printed out a Computation of Retirement Benefits for Zipperer. According to the Computation of Benefits, Zipperer could expect to receive $1,100.17 monthly if he chose a single life annuity with no rights of survivorship; $1,063.11 monthly if he chose 10 year certain and continuous; or $980.55 monthly if he chose joint and survivor annuities.

20. Based on the information Zipperer received from the RE&C Pension Administrator, Zipperer and his wife Mary each decided to retire, purchase a motor coach and travel throughout the United States.

21. Emory retired from his senior level job as a Project Controls Manager for Washington Group International ("WGI") and an annual salary of $107,484. Mary Zipperer retired from her job as a Senior Examiner for United National Insurance Co. with an annual salary of $69,076.

22. Specifically, Emory Zipperer retired from WGI, as it purchased RE&C in July, 2000 on or about September 30, 2000.

23. Shortly thereafter, Mr. Zipperer began receiving monthly pension checks from Raytheon in the amount of $840.64.

4

24. In June 2001, Mr. Zipperer received a letter from W. Scott Bishop the Raytheon Benefit Center informing him that his pension benefits had been incorrectly overstated, and that, in actuality he was entitled to receive only $400.06 per month.

25. Emory Zipperer appealed the decision concerning his pension benefits and has exhausted all internal appeal procedures.

## COUNT I
## NEGLIGENCE

26. Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs 1 to 25 above.

27. Raytheon owed a duty to Zipperer to properly maintain records and information concerning his retirement plan.

28. Raytheon breached its duty to Zipperer by failing to properly maintain his employment records.

29. As a result of Raytheon's breach, Raytheon's Benefit Center had incorrect information in its database concerning Zipperer's dates of employment with Raytheon and its affiliates and his benefits.

30. As a result of Raytheon's breach, Raytheon's Benefit Center furnished Zipperer with incorrect information concerning the amount of his monthly retirement benefits.

31. Zipperer, in turn, relied on the incorrect information to his detriment when he made the decision to retire from his position with Raytheon's successor WI.

32. As a result of Raytheon's negligence, Plaintiff has suffered damage including his present lost wages, lost benefits, future income and attorneys' fees and costs.

5

33. WHEREFORE, Plaintiff hereby demands that this Court:
   a. Award judgment in the Plaintiff's favor on his claim for negligence;
   b. Award Plaintiff his damages plus attorneys' fees and costs; and
   c. Award the Plaintiff any other relief this Court deems appropriate.

## COUNT II
## EQUITABLE ESTOPPPEL

34. Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs 1 to 33 above.

35. Zipperer reasonably relied upon incorrect information given to him by W. Scott Bishop of the Raytheon Benefit Center concerning the amount of Zipperer's monthly pension benefits upon his retirement.

36. The Raytheon Benefit Center had reason to know that Emory Zipperer would rely upon such information in making the decision when to retire.

37. Zipperer relied upon such information to his detriment giving up his job at WGI, giving up his home, and deciding to travel.

38. WHEREFORE, Plaintiff hereby demands that this Court:
   a. Award judgment in the Plaintiff's favor on his claim for equitable estoppel;
   b. Award Plaintiff his damages plus attorneys' fees and costs; and
   c. Award the Plaintiff any other relief this Court deems appropriate.

## COUNT III
## NEGLIGENT MISREPRESENTATION

39. Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs 1 to 38 above.

40. Defendant owed Plaintiff a duty to furnish correct information to him.

41. Defendant did not exercise reasonable care in the provision of information to Zipperer concerning the amount of his pension benefit upon retirement.

42. Defendant Raytheon negligently provided false information to Zipperer concerning the amount of his pension benefit upon retirement.

43. Zipperer reasonably relied upon the false information.

44. As a result of Raytheon's negligent misrepresentation, Plaintiff has suffered damage including his present lost wages, lost benefits, future income and attorneys' fees and costs.

45. WHEREFORE, Plaintiff hereby demands that this Court:

   a. Award judgment in the Plaintiff's favor on his claim for negligent misrepresentation;

   b. Award Plaintiff his damages plus attorneys' fees and costs; and

   c. Award the Plaintiff any other relief this Court deems appropriate.

7

**Plaintiff hereby claims his right to a trial by jury**

>                                EMORY ZIPPERER
>                                By his attorney,
>
>                                _____
>                                Joseph P. Dever
>                                B.B.O. No. 564237
>                                Theresa Finn Dever
>                                B.B.O. No. 564319
>                                RILEY & DEVER, P.C.
>                                Lynnfield Woods Office Park
>                                210 Broadway, Suite 201
>                                Lynnfield, MA  01940-2351
>                                (781) 581-9880

Dated: 10-6-03

#03-4225

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**

Emory Zipperer

**DEFENDANTS**

Raytheon Company

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Theresa Finn Dever, Esq.
210 Broadway, Suite 201
Lynnfield, MA 01940
(781) 581-9880

ATTORNEYS (IF KNOWN) James F. Kavanaugh, Jr., Esq.
Stephen S. Churchill, Esq.
Conn Kavanaugh Rosenthal Peisch & Ford, LLP
Ten Post Office Square, Boston, MA 02109
(617) 482-8200

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other |  | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights |  |  |  |
|  |  | ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

ERISA, 29 U.S.C. secs. 1001 et seq.

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23    DEMAND $ _____    CHECK YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE None    DOCKET NUMBER _____

DATE 11/25/03    SIGNATURE OF ATTORNEY OF RECORD Steph SCh

FOR OFFICE USE ONLY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Emory Zipperer v. Raytheon Company__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

    ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

    ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   None

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?                                                                        YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)                                         YES ☐   NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                                                   YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?                                                            YES ☐   NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).                                   YES ☐   NO ☒
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? -
   (SEE LOCAL RULE 40.1(D)).                                                       YES ☐   NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?                                                                 YES ☐   NO ☒
   (a)  IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL SECTION: YES ☐  NO ☐         OR WESTERN SECTION:  YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ___Stephen S. Churchill___
ADDRESS Conn Kavanaugh Rosenthal Peisch & Ford, LLP, Ten Post Office Square, Boston, MA 02109
TELEPHONE NO. ___(617) 482-8200___

(Categfrm.rev - 3/97)

