## COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, SS.**                                **SUPERIOR COURT**

|  |  |
|---|---|
| EMORY ZIPPERER | ) |
|     **Plaintiff,** | ) |
| vs. | ) |
| RAYTHEON COMPANY, INC. | ) |
|     **Defendant.** | ) |

Civil Action No.

10/15/03 12:14 #0000-9682 CLERK A
03-4227
CIVIL          240.00
SURCHARGE       15.00
SECC            20.00
034225 #
SUBTTL         275.00
TOTAL **275.00**
CHECK          275.00

F I L E D
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR

OCT 1 5 2003

Edward J Sullivan
CLERK

## COMPLAINT

## NATURE OF THE ACTION

1.     Plaintiff Emory Zipperer ("Zipperer") brings this action for negligence against Defendant Raytheon Company, Inc. ("Raytheon") in connection with the Defendant's negligent maintenance of employment records concerning Zipperer's years of employment with Raytheon and its affiliates and successors.  Raytheon's failure to maintain proper corporate records concerning Zipperer's employment resulted in Raytheon Benefit Center's provision of incorrect data and information to Zipperer concerning his retirement benefits.  Plaintiff seeks to recover damages, interest, costs and attorney's fees for Raytheon's negligence.

## PARTIES

2.    The Plaintiff Emory Zipperer ("Zipperer") is an individual with a permanent address of 149 Rainbow Drive, No. 4996, Livingston, Texas.

3.    The Defendant Raytheon Company ("Raytheon") is a corporation organized under the laws of the Commonwealth of Massachusetts having a principal place of business at 141 Spring Street in Lexington, Massachusetts.

### Factual Allegations

4.    Emory Zipperer began working for United Engineers & Constructors, Inc. (UE&C), a wholly owned subsidiary of Raytheon, on November 20, 1972 as a field engineer in the nuclear power division.

5.    On or about January 1, 1975,  Zipperer began participating in the UE&C Retirement Plan.

6.    On or about November 2, 1990, Zipperer began working for a Raytheon subsidiary, Raytheon Services, Nevada ("RSN") at the request of his employer. (See document from personnel file attached hereto as Exhibit A).

7.    RSN participated in atomic testing and chemical weapons disposal programs at sites in Nevada.

8.    Upon information and belief, Raytheon formed RSN in order to protect itself from the potential liabilities associated with atomic testing and chemical weapons disposal.

9.    When Zipperer began working for RSN no monies were transferred from the UE&C retirement plan to the RSN plan since Zipperer was "still a Raytheon employee and both plans were part of the Raytheon Master Trust Fund."

10.    Although both plans were administered by Raytheon Benefit Center, assets for the RSN Pension Plan were paid by Department of Energy funding while the UE&C plan assets were from proceeds of UE&C.

11.    According to the Raytheon Benefit Center, Zipperer's service date with RSN was adjusted to reflect his prior service with UE&C.

12.    On October 4, 1993, Mr. Zipperer separated from his employment at RSN and was rehired at RE&C, a successor to UE&C, on November 29, 1993. RE&C immediately credited Zipperer with his prior years of service with UE&C for the purpose of calculating his pension benefits.

13.    On or about December 30, 1995, Betchel Nevada through a competitive bid process replaced RSN as a contractor for the DOE. RSN was a specialty company for Raytheon solely for the purpose of administering work for the DOE, Nevada Operations. The Raytheon Benefit Center has represented that as of that date, the RSN pension trust fund monies were transferred to the Bechtel Nevada Employees Retirement Plan.

14.    Apparently when RSN was succeeded by Betchel, RE&C was not notified by Raytheon and RSN that Zipperer's entire vested RSN benefit which included [his] UE&C benefit) was being transferred to Bechtel.

15.    Accordingly, when RE&C was sold to Washington Group International ("WGI") on July 7, 2000, Raytheon reported this incorrect, overstated benefit transferred to the Raytheon Benefits Center database.

16.    None of the Raytheon pension plans were amended to reflect the asset transfers to the Betchel pension plan.

17.    On or about December 27, 1999, Zipperer completed a Request for Retirement Calculations Form and sent it to W. Scott Bishop, the Pension Administrator for RE&C.

18.    On that Form, Zipperer indicated that he had prior service with United Engineers & Constructors, Inc. and Raytheon Company.  On the Form, he requested that his retirement benefits be calculated as of April 1, 2000.

19.    On or about February 16, 2000, RE&C printed out a Computation of Retirement Benefits for Zipperer.  According to the Computation of Benefits, Zipperer could expect to receive $1,100.17 monthly if he chose a single life annuity with no rights of survivorship; $1,063.11 monthly if he chose 10 year certain and continuous; or $980.55 monthly if he chose joint and survivor annuities.

20.    Based on the information Zipperer received from the RE&C Pension Administrator, Zipperer and his wife Mary each decided to retire, purchase a motor coach and travel throughout the United States.

21.    Emory retired from his senior level job as a Project Controls Manager for Washington Group International ("WGI") and an annual salary of $107,484.  Mary Zipperer retired from her job as a Senior Examiner for United National Insurance Co. with an annual salary of $69,076.

22.    Specifically, Emory Zipperer retired from WGI, as it purchased RE&C in July, 2000 on or about September 30, 2000.

23.    Shortly thereafter, Mr. Zipperer began receiving monthly pension checks from Raytheon in the amount of $840.64.

4

24.    In June 2001, Mr. Zipperer received a letter from W. Scott Bishop the Raytheon Benefit Center informing him that his pension benefits had been incorrectly overstated, and that, in actuality he was entitled to receive only $400.06 per month.

25.    Emory Zipperer appealed the decision concerning his pension benefits and has exhausted all internal appeal procedures.

## COUNT I
## NEGLIGENCE

26.    Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs 1 to 25 above.

27.    Raytheon owed a duty to Zipperer to properly maintain records and information concerning his retirement plan.

28.    Raytheon breached its duty to Zipperer by failing to properly maintain his employment records.

29.    As a result of Raytheon's breach, Raytheon's Benefit Center had incorrect information in its database concerning Zipperer's dates of employment with Raytheon and its affiliates and his benefits.

30.    As a result of Raytheon's breach, Raytheon's Benefit Center furnished Zipperer with incorrect information concerning the amount of his monthly retirement benefits.

31.    Zipperer, in turn, relied on the incorrect information to his detriment when he made the decision to retire from his position with Raytheon's successor WI.

32.    As a result of Raytheon's negligence, Plaintiff has suffered damage including his present lost wages, lost benefits, future income and attorneys' fees and costs.

33.    WHEREFORE, Plaintiff hereby demands that this Court:

    a.    Award judgment in the Plaintiff's favor on his claim

       for negligence;

    b.    Award Plaintiff his damages plus attorneys' fees and

       costs; and

    c.    Award the Plaintiff any other relief this Court deems appropriate.

## COUNT II
## EQUITABLE ESTOPPPEL

34.    Plaintiff realleges and incorporates herein the allegations set forth in
Paragraphs 1 to 33 above.

35.    Zipperer reasonably relied upon incorrect information given to him by W.
Scott Bishop of the Raytheon Benefit Center concerning the amount of Zipperer's
monthly pension benefits upon his retirement.

36.    The Raytheon Benefit Center had reason to know that Emory Zipperer
would rely upon such information in making the decision when to retire.

37.    Zipperer relied upon such information to his detriment giving up his job
at WGI, giving up his home, and deciding to travel.

38.    WHEREFORE, Plaintiff hereby demands that this Court:

    a.    Award judgment in the Plaintiff's favor on his claim

       for equitable estoppel;

    b.    Award Plaintiff his damages plus attorneys' fees and

       costs; and

    c.    Award the Plaintiff any other relief this Court deems appropriate.

## COUNT III
## NEGLIGENT MISREPRESENTATION

39.    Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs 1 to 38 above.

40.    Defendant owed Plaintiff a duty to furnish correct information to him.

41.    Defendant did not exercise reasonable care in the provision of information to Zipperer concerning the amount of his pension benefit upon retirement.

42.    Defendant Raytheon negligently provided false information to Zipperer concerning the amount of his pension benefit upon retirement.

43.    Zipperer reasonably relied upon the false information.

44.    As a result of Raytheon's negligent misrepresentation, Plaintiff has suffered damage including his present lost wages, lost benefits, future income and attorneys' fees and costs.

45.    WHEREFORE, Plaintiff hereby demands that this Court:

    a.    Award judgment in the Plaintiff's favor on his claim for negligent misrepresentation;

    b.    Award Plaintiff his damages plus attorneys' fees and costs; and

    c.    Award the Plaintiff any other relief this Court deems appropriate.

**Plaintiff hereby claims his right to a trial by jury**

EMORY ZIPPERER
By ~~his attorney,~~

Joseph P. Dever
B.B.O. No. 564237
Theresa Finn Dever
B.B.O. No. 564319
RILEY & DEVER, P.C.
Lynnfield Woods Office Park
210 Broadway, Suite 201
Lynnfield, MA 01940-2351
(781) 581-9880

Dated: 10-6-03

MAS-20031124                   **Commonwealth of Massachusetts**                    12/22/2003
gilmanr                                                                             09:22 AM

**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

# MICV2003-04225
## Zipperer v Raytheon Company, Inc.

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 10/15/2003 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 12/03/2003 | **Session** | J - Cv J (9B Cambridge) | | |
| **Origin** | 1 | **Case Type** | B04 - Other negligence/pers injury/pro | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 01/13/2004 | **Answer** | 03/13/2004 | **Rule12/19/20** | 03/13/2004 |
| **Rule 15** | 03/13/2004 | **Discovery** | 08/10/2004 | **Rule 56** | 09/09/2004 |
| **Final PTC** | 10/09/2004 | **Disposition** | 12/08/2004 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Emory Zipperer
149 Rainbow Drive No. 4996
Active 10/15/2003

**Private Counsel 564319**
Theresa Finn Dever
Riley & Dever
210 Broadway
Lynnfield Woods Office Park #201
Lynnfield, MA 01940
Phone: 781-581-9880
Fax: 781-581-7301
Active 10/15/2003 Notify

**Private Counsel 564237**
Joseph P Dever
Riley & Dever
210 Broadway
Lynnfield Woods Office Park #201
Lynnfield, MA 01940
Phone: 781-581-9880
Fax: 781-581-7301
Active 10/15/2003 Notify

**Defendant**
Raytheon Company, Inc.
141 Spring Street
Served: 11/03/2003
Served (answr pending) 11/03/2003

**Private Counsel 262360**
James F Kavanaugh Jr
Conn Kavanaugh Rosenthal Peisch & Ford
10 Post Office Square
4th floor
Boston, MA 02109
Phone: 617-482-8200
Fax: 617-482-6444
Active 12/01/2003 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 10/15/2003 | 1.0 | Complaint & civil action cover sheet filed |
| 10/15/2003 | | Origin 1, Type B04, Track F. |
| 11/13/2003 | 2.0 | SERVICE RETURNED: Raytheon Company, Inc.(Defendant) 11/03/03 in hd, 870 Winter St., Waltham, MA |
| 12/03/2003 | 3.0 | Case REMOVED this date to US District Court of Massachusetts by deft Raytheon Company |
| 12/03/2003 | | ABOVE ACTION THIS DAY REMOVED TO US DISTRICT CRT |

case01 188042 y y y y n n

**TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —**
**TORT — MOTOR VEHICLE TORT — CONTRACT —**
**EQUITABLE RELIEF — OTHER**

# COMMONWEALTH OF MASSACHUSETTS

.......**MIDDLESEX**....... ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

No.    03-4225

Emory Zipperer
...................................................,Plaintiff(s)

v.

...Raytheon..Company,..Inc...,Defendant(s)

*FILED*
*IN THE OFFICE OF THE*
*CLERK OF THE COURTS*
*NOV 13 2003*

## SUMMONS

**To the above-named Defendant:** Raytheon Company, Inc., 141 Spring Street, Lexington, MA

**You are hereby summoned and required to serve upon** ............................................

Theresa..Finn..Dever.....plaintiff's attorney, whose address is ..210..Broadway,..Suite 201,

..Lynnfield,..MA..01940.............................. an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .......................

......Cambridge.............................. either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

**Witness,** ROBERT A. MULLIGAN    Esquire, at ..........................................................

the ............Twenty-third.....................day of .....October.........................

........................in the year of our Lord ~~one thousand nine hundred and~~ two thousand and three.

Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. —001

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX.....ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.  034225

Emory Zipperer .............. Plff.

v.

Raytheon Company, Inc..Def.

SUMMONS
(Mass. R. Civ. P. 4)

COMPLAINT

(—————————)
(.........  61  .............)
(—————————)

N.B. TO PROCESS SERVER:
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

Dated: .................... 61 ........

_Deputy Sheriff_

Middlesex, ss.

November 4, 2003
I hereby certify and return that on 11/03/03 at 11:10am I served a true and
attested copy of the SUMMONS AND COMPLAINT in this action in the following
manner: To wit, by delivering in hand to ROXANNE BLAKE, agent, person in
charge at the time of service for RAYTHEON COMPANY, INC., 870 WINTER ST.,
Waltham, MA. Fees: Service $30.00, Conveyance $3.30, Attest $5.00, P&H
$1.00, Travel $7.04, Total Fees $46.34

Middlesex Sheriff's Office • Civil Process Division, P.O. Box 410180, Cambridge, MA 02141-1819 • (617) 547-1171

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 03-4225 | Trial Court of Massachusetts Superior Court Department County: _Middlesex_ |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Emory Zipperer | Raytheon Company, Inc. |

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** (781)581-9880

Theresa Finn Dever, Esq.
Riley & Dever
Board of Bar Overseers number:564319 , 210 Broadway, Lynnfield, MA 01940

ATTORNEY (if known)

## Origin code and track designation

Place an x in one box only:
- [ ] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [X] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [X] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Negligence | ( F ) | (X ) Yes     ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . .

*[Stamp: FILED IN THE OFFICE OF THE CLERK OF THE COURTS FOR THE COUNTY OCT. 15 2003  CLERK]*

Subtotal $ . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . $ 322,452.00
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . $ . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ $107,000.00  per year
F. Other documented items of damages (describe)
$ . . . . . . . . . .

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Plaintiff was harmed when Raytheon negligently kept records concerning his employment, furnished him with incorrect information.

TOTAL $ 429,452.
plus

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _____     DATE: 10-15-13

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

**Commonwealth of Massachusetts**
**County of Middlesex**
**The Superior Court**

CIVIL DOCKET # **MICV2003-04225**

RE: **Zipperer v Raytheon Company, Inc.**

TO:Joseph P Dever, Esquire
Riley & Dever
210 Broadway
Lynnfield Woods Office Park #201
Lynnfield, MA 01940

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| **STAGES OF LITIGATION** | **DEADLINE** |
|---|---|
| Service of process made and return filed with the Court | 01/13/2004 |
| Response to the complaint filed (also see MRCP 12) | 03/13/2004 |
| All motions under MRCP 12, 19, and 20 filed | 03/13/2004 |
| All motions under MRCP 15 filed | 03/13/2004 |
| All discovery requests and depositions completed | 08/10/2004 |
| All motions under MRCP 56 filed and heard | 09/09/2004 |
| Final pre-trial conference held and/or firm trial date set | 10/09/2004 |
| Case disposed | 12/08/2004 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session **J** sitting in **Rm 9B (Cambridge) Middlesex Superior Court.**

Dated: 10/16/2003

Edward J. Sullivan,
Clerk of Courts

BY:

Michael H. Powers
Assistant Clerk

Location: Rm 9B (Cambridge)
Telephone: 617-494-4010 EXT 4274

### County of Middlesex
### The Superior Court

CIVIL DOCKET # **MICV2003-04225**

RE:  **Zipperer v Raytheon Company, Inc.**

TO: Theresa Finn Dever, Esquire
Riley & Dever
210 Broadway
Lynnfield Woods Office Park #201
Lynnfield, MA 01940

## TRACKING ORDER - F TRACK

     You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 01/13/2004 |
| Response to the complaint filed (also see MRCP 12) | 03/13/2004 |
| All motions under MRCP 12, 19, and 20 filed | 03/13/2004 |
| All motions under MRCP 15 filed | 03/13/2004 |
| All discovery requests and depositions completed | 08/10/2004 |
| All motions under MRCP 56 filed and heard | 09/09/2004 |
| Final pre-trial conference held and/or firm trial date set | 10/09/2004 |
| Case disposed | 12/08/2004 |

**The final pre-trial deadline is <u>not the scheduled date of the conference.</u>** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session **J** sitting in **Rm 9B (Cambridge) Middlesex Superior Court.**

Dated: 10/16/2003

                                              Edward J. Sullivan,
                                              Clerk of Courts

BY:

                                              Michael H. Powers
Location: Rm 9B (Cambridge)                    Assistant Clerk
Telephone: 617-494-4010 EXT 4274

Check website as to status of case: http://ma-trialcourts.org/tcic
2456034 inidoc01 dipacee