UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB 15  A 8: 46

U.S. DISTRICT COURT
DISTRICT OF MASS.

EMORY ZIPPERER

Plaintiff,

vs.

RAYTHEON COMPANY, INC.

Defendant.

Civil Action No. : 03-12379 MLW

## MOTION TO REVISE DISCOVERY PLAN IN STATEMENT FOR LOCAL RULE 16.1 CONFERENCE

The Plaintiff in the above-referenced matter hereby requests an extension of the deadline for the taking of depositions as set forth in the discovery plan.

Specifically, the Plaintiff proposes that the deposition deadline be extended from January 31, 2005 until March 18, 2005, or any other date the Court deems appropriate.

As grounds for this motion Plaintiff states as follows:

1.  The discovery deadline provided that Defendant's responses to interrogatories and document request were due on or before December 22, 2004. The deadline for conducting depositions was January 31, 2005.

2.  During the status conference, Defendant's counsel expressed a willingness to attempt to settle the case by exploring reemployment options for Plaintiff within Raytheon. Plaintiff, in good faith, searched Raytheon's computer listing to compile a list of potential job opportunities within Raytheon. Plaintiff Zipperer attempted to apply for such jobs on-line as instructed by Raytheon's counsel Constance McGrane. Unfortunately, the computer program for on-line applications rejected Plaintiff Zipperer

as he did not have the requisite degree for the positions. Nonetheless, Mr. Zipperer worked for Raytheon for 28 years in similar positions and clearly possesses the requisite experiences. Plaintiff's counsel informed Attorney McGrane regarding the computer glitch. At Attorney McGrane's request on or about November 18, 2004, Plaintiff's counsel forwarded by email a listing of the potential job offers. Despite several messages from Plaintiff's counsel, Attorney McGrane did not respond to Plaintiff's counsel until December 14, 2004. At that time, she informed Plaintiff's counsel that her contact at Raytheon had recently went out of the office for medical reasons and that in the meantime, Plaintiff would need to submit the applications on-line. In the hope that settlement negotiations were active and would result in the settlement of this matter and to avoid unnecessary attorneys' fees, Plaintiff's counsel did not notice the deposition of the Defendant. When it became clear on January 11, 2005, that Raytheon was unwilling to follow through on the settlement potential for the case, Plaintiff's attorney notified Attorney McGrane and requested that she assent to an extension of the discovery matter. Additionally, on January 28, 2005, Attorney Dever forwarded potential dates to Attorney McGrane for both Raytheon and Mr. Zipperer's deposition requesting that the depositions be conducted on consecutive dates so that Mr. Zipperer could travel from California and attend both depositions. In response, Attorney McGrane sent a letter stating that she was noticing Mr. Zipperer's deposition for February 15, 2005 but would not agree to extend the discovery deadline to permit the Plaintiff to take the deposition of Raytheon.

3. Due to the Plaintiff's counseling moving its offices, previously scheduled court dates, and the need for advanced planning to schedule Mr. Zipperer's deposition as

he resides in California, Plaintiff was unable to attend the previously scheduled dates for the deposition.

4. Before the expiration of the discovery deadline, Plaintiff's counsel requested to Defendant's counsel that the parties jointly agree to extend the discovery deadline. Plaintiff's counsel informed Defendant's counsel Constance McGrane that the Plaintiff wished to take the deposition of Defendant Raytheon Company and schedule it on a date consecutive to Mr. Zipperer's deposition as Mr. Zipperer resides in California. Plaintiff's counsel did not notice Raytheon's deposition prior to the close of discovery as she was hoping to reach agreement on consecutive dates for the two depositions.

5. Plaintiff requested that Defendant agree to an extension of the discovery deadline in light of the Defendant's change in willingness to resolve this matter by settlement, and, in order to accommodate the two depositions on consecutive dates. Accordingly, the Plaintiff has now been prejudiced by the Defendant's unwillingess to agree to a brief extension of time for the Plaintiff to take the deposition of Raytheon pursuant to Rule 30(b)(6) of the Massachusetts Rules of Civil Procedure. Mr. Zipperer's counsel has forwarded numerous proposed dates to Raytheon's attorney for his deposition. By failing to agree to an extension of the discovery deadline, Raytheon is attempting to gain a tactical advantage in this litigation by taking Mr. Zipperer's deposition and refusing to provide the Raytheon Company for a deposition.

WHEREFORE, the Plaintiff Emory Zipperer respectfully requests that this Court allow him to notice the deposition of Raytheon Company pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure at a date convenient to Defendant Raytheon Company in the next thirty days.

### REQUEST FOR A HEARING

The Plaintiff, Emory Zipperer hereby requests a hearing and/or status conference on the within motion to discuss the deadlines set forth in the Statement For Local Rule 16.1 Conference as well as the change in the Defendant's position with respect to settlement. Plaintiff believes that the Court's intervention in this matter through a status conference may be beneficial to assisting the parties to work cooperatively with respect to this deadline dispute and settlement possibilities.

EMORY ZIPPERER
By his Attorney,

Joseph P. Dever
B.B.O. No.: 564237
Theresa Finn Dever
B.B.O. NO.: 564319
RILEY & DEVER, P.C.
210 Broadway, Suite 201
Lynnfield, MA 01940
Tel.: (781) 581-9880

Dated: 2/14/05

4

## CERTIFICATION PURSUANT TO
## LOCAL RULE 26.2(C) AND LOCAL RULES 7.1(A)(2)
## AND LOCAL RULE 37.1(B)

I, Theresa Finn Dever, counsel for Plaintiff Emory Zipperer hereby certify that I made a good faith effort to resolve the dispute that is subject to the instant motion with Raytheon's counsel Constance McGrane via numerous letters and an email as late as Friday, February 11, 2005. Nonetheless, Attorney McGrane refuses to make any extension whatsoever to the discovery deadline to permit the Plaintiff to take the deposition of the Raytheon Company.

*[signature]*
Theresa Finn Dever, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) facsimile on 2/14/05

*[signature]*

5