UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 03-12379 MLW

|  |  |
|---|---|
| EMORY ZIPPERER | ) |
|     Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| RAYTHEON COMPANY, INC. | ) |
|     Defendant. | ) |

## OPPOSITION TO MOTION TO REVISE DISCOVERY PLAN
## IN STATEMENT FOR LOCAL RULE 16.1 CONFERENCE

The defendant Raytheon Company ("Raytheon") opposes the Plaintiff's third Motion to Revise Discovery Plan in this case. As set forth in more detail below, Raytheon opposes the motion because the Plaintiff has not shown the good cause required by Local Rule 16.1 for modification of the Scheduling Order. Further, allowing the extension will be prejudicial to Raytheon.

A.    THE PROCEDURAL BACKGROUND AND PLAINTIFF'S DISCOVERY EFFORTS DO NOT SUPPORT A THIRD EXTENSION.

1.    This case for alleged negligence based upon an incorrect estimate of pension plan benefits was removed from state Massachusetts Superior Court on November 25, 2003 because the Plaintiff's claims are governed by the Employee Retirement Insurance Security Act ("ERISA").

2.    The Scheduling Order entered in the case on or about May 5, 2004 required all interrogatories and document requests to be served by September 1, 2004; responses to interrogatories to be served by October 15, 2004; and fact discovery to be completed by

December 31, 2004. Consistent with this order, Raytheon served Plaintiff with interrogatories and discovery requests on September 1, 2004.

3.    On September 13, 2004 the Plaintiff requested an extension of the Scheduling Order to serve discovery on Raytheon. Raytheon assented to the extension, and Plaintiff filed an Assented to Motion to Revise Statement for Local Rule 16.1 Conference ("First Motion to Revise Discovery Plan") on September 27, 2004. The First Motion to Revise Discovery Plan required Plaintiff to serve interrogatories and discovery requests on Raytheon by September 30, 2004.

4.    On October 1, 2004, Plaintiff served Raytheon with interrogatories and discovery requests.

5.    At the Scheduling Conference on November 8, 2004, a new schedule was set by the Court. Plaintiff's responses to interrogatories and document requests were due November 17, 2004; Raytheon's responses were due December 17, 2004; fact depositions were to be completed January 31, 2005; requests for admissions due February 28 2005; and dispositive motions due March 1, 2005.

6.    On November 18, 2004, Plaintiff's counsel sent a revised discovery plan to defense counsel seeking an additional two days for responses. Defense counsel informed Plaintiff's counsel that the grounds for the extension should not be because the parties were conducting settlement discussions, but because Plaintiff required additional time.

7.    The Plaintiff filed a second Assented to Motion to Revise Discovery Plan ("Second Motion to Revise Discovery Plan") on November 23, 2004. The revised plan required Plaintiff to serve responses to interrogatories and document requests by November 22, 2004.

2

Raytheon was to serve its responses to interrogatories and document requests by December 22, 2004. All fact depositions were to be completed by January 31, 2005.

8.    Plaintiff served his responses to interrogatories on November 22, 2004. The Plaintiff's responses to document requests were served on December 20, 2004.

9.    As required by the second discovery schedule, Raytheon served its responses to interrogatories and document requests on December 22, 2004. In addition, on December 22, 2004 Raytheon served a Notice of Deposition for Plaintiff's deposition for Friday, January 21, 2005 ("First Notice"). A copy of First Notice with cover letter is attached as Exhibit 1.

10.    After being informed that Plaintiff was unavailable for his deposition, Raytheon served a second Notice of Deposition for Plaintiff's deposition for January 31, 2005 ("Second Notice"). A copy of Second Notice with cover letter is attached as Exhibit 2.

11.    On January 28, 2005, Plaintiff's counsel notified defense counsel that the Plaintiff was unavailable for his deposition on January 31, 2005. Plaintiff's counsel indicated that the Plaintiff would not be available until February 15, 2005, after the close of the deadline for fact discovery. In addition, Plaintiff's counsel insisted that a Rule 30(b)(6) deposition of Raytheon occur on a date consecutive to the deposition so that Plaintiff would be present.

B.    GOOD CAUSE DOES NOT EXIST FOR EXTENDING THE DISCOVERY DEADLINE TO PERMIT PLAINTIFF TO TAKE DEPOSITIONS .

Raytheon has met its obligations under each of the scheduled discovery deadlines, and sought to complete its discovery in the case by the agreed-upon deadline of January 31, 2005. Raytheon made it clear in its communications to Plaintiff's counsel that discovery should be completed before the deadline. In contrast, Plaintiff's counsel has been unwilling or unable to comply with the discovery deadlines in the case. A change in the Scheduling Order requires a showing of good cause "supported by affidavits, other evidentiary materials, or references to

pertinent portions of the record" to modify a scheduling order. Local Rule 16.1(G). Plaintiff's counsel has failed to establish such good cause.

Plaintiff's motion suggests that the discovery deadline should be extended for the third time for the Plaintiff because the parties were exploring settlement opportunities at one time. Even if this were the case, this does not constitute good cause for an extension after the agreed-upon deadline of January 31, 2005 has passed. The issue of Plaintiff's applications for jobs at Raytheon was discussed at the Scheduling Conference on November 8, 2004. At that time, Raytheon's counsel suggested that the Plaintiff apply on-line for any jobs, not because Raytheon thought it had any liability. In fact, Raytheon's counsel suggested at the conference that under ERISA, Raytheon viewed the Plaintiff's case as having little or no likelihood of success. In this context, and after discussion of the status of the case, a new Scheduling Order with agreed-upon deadlines was developed. Following the Scheduling Conference, and consistent with the deadlines, Raytheon's counsel continued to pursue discovery from the Plaintiff even while the Plaintiff was allegedly attempting to apply for jobs.[1] Although Plaintiff has been unsuccessful in applying for jobs on-line to Raytheon, this has not changed the need to conduct discovery in accordance with the agreed-upon deadlines.

C.    PLAINTIFF'S COUNSEL'S INSISTENCE ON PRODUCING THE PLAINTIFF FOR HIS DEPOSITION ONLY IF RAYTHEON ASSENTS TO AN EXTENSION OF THE DISCOVERY DEADLINE WAS IMPROPER.

Raytheon properly noticed the Plaintiff's deposition two times before the discovery deadline ended. Plaintiff's counsel conditioned production of the Plaintiff for his deposition upon Raytheon's assent to another extension of the discovery deadline for the production of a Raytheon witness. Raytheon has the right to take the Plaintiff's deposition, and move the case to

---

[1] Although Plaintiff's counsel suggests that Raytheon is being unreasonable in not agreeing to a third revision of the schedule, it should be noted that Raytheon assented to Plaintiff's first two motions.

resolution without being required to continue to extend deadlines for the Plaintiff. Raytheon's counsel attempted to schedule the Plaintiff's deposition since December 22, 2004, sending two formal Notices of Deposition before the discovery deadline ended. Plaintiff's counsel had indicated that Plaintiff could be available, but only if the discovery deadline is extended. The primary reason advanced now for an extension of the discovery deadline is that Plaintiff's counsel wants to take a Fed. R. Civ. P. 30(b)(6) deposition of Raytheon - a deposition that could have been noticed and taken before the deadline passed. This does not constitute good cause for extending the deadline a third time.

D.     EXTENSION OF THE DISCOVERY DEADLINE WOULD BE PREJUDICIAL TO RAYTHEON.

The Scheduling Order not only contained deadlines for discovery, but also deadlines for Requests for Admission, Dispositive Motions and Replies. Plaintiff's counsel failed to produce the Plaintiff for his deposition by the discovery deadline. Accordingly, Raytheon has been prejudiced in its defense of the case. The Plaintiff's third Motion to Revise Discovery Plan did not consider any changed dates for the deadlines for Request for Admission and Dispositive Motions which could be based, in part, upon Plaintiff's deposition.

As Raytheon recognizes the importance of complying with the deadlines in the Scheduling Order, and there is no set of facts in support of Zipperer's claims that would entitle the Plaintiff to relief, Raytheon will file by the March 1, 2005 deadline for dispositive motions a Motion for Judgment on the Pleadings. If it had been permitted to take Plaintiff's deposition by the deadline, and fact discovery had been completed, it could have filed a Motion for Summary Judgment with a complete record and a more stringent standard of proof for the Plaintiff. Instead, the Motion for Judgment on the Pleadings will be filed, with a less stringent proof standard for the Plaintiff than a Motion for Summary Judgment would have required. Further,

5

the Motion for Judgment on the Pleadings will provide a roadmap for any discovery which is permitted to be conducted by the Plaintiff after the deadline.

If the Plaintiff is permitted to take a deposition after the deadline, it will reward Plaintiff's recalcitrance in discovery. Raytheon has provided several extensions in discovery to the Plaintiff because his attorney has requested more time. Raytheon should be permitted to rely upon agreed deadlines in the Scheduling Order. It should be permitted to move for resolution of the case without remaining open for Plaintiff's discovery that will be informed by Raytheon's legal defenses in its Motion for Judgment on the Pleadings. At this point, the Court should hold the plaintiff to the agreed-upon deadlines.

WHEREFORE, Raytheon respectfully requests that this Court deny Plaintiff's third Motion to Revise Discovery Plan in Statement for Local Rule 16.1 Conference.

<div style="margin-left:40%;">

RAYTHEON COMPANY
By its attorneys,


/s/ Constance M. McGrane
James F. Kavanaugh, Jr. (BBO # 262360)
Constance M. McGrane (BBO # 546745)
CONN KAVANAUGH ROSENTHAL
  PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA 02109
(617) 482-8200

</div>

Dated: February 28, 2005

220287.1

6

**EXHIBIT 1**

# CONN KAVANAUGH ROSENTHAL PEISCH & FORD, LLP

### COUNSELORS AT LAW

THOMAS E. PEISCH
BOB B. ROSENTHAL
JAMES F. KAVANAUGH, JR.
RUSSELL F. CONN
GEORGE M. FORD
JAMES B. PELOQUIN
BARRY E. GOLD
THOMAS J. GALLITANO
JAMES GRAY WAGNER
ERIN K. HIGGINS
STEVEN E. GURDIN
MICHAEL T. SULLIVAN
CONSTANCE M. MCGRANE

Ten Post Office Square, Boston, Massachusetts 02109

Tel: (617) 482-8200
Fax: (617) 482-6444

WRITER'S DIRECT DIAL: 617-348-8214
E-MAIL: CMCGRANE@CKRPF.COM

KURT B. FLIEGAUF
RONALD M. JACOBS
CAROL A. STARKEY
JENNIFER M. NORTON
SARA L. GOODMAN
MICHAEL R. BERNARDO
CARA A. FAUCI
JOHANNA L. MATLOFF
AMY C. STEWART
BETH NUZZO NEWMARK
SARAH E. WEBER

December 22, 2004

Theresa Finn Dever, Esq.
Riley & Dever, PC
Lynnfield Woods Office Park
210 Broadway, Suite 201
Lynnfield, MA 01940-2351

RE:    Emory Zipperer v. Raytheon Company
       C.A. No. 03-12379 MLW

Dear Theresa:

Enclosed please find:

1.    Raytheon Company, Inc.'s Answers to Plaintiff's First Set of Interrogatories; and

2.    Raytheon Company, Inc.'s Responses to Plaintiff's Request For Production of Documents.

I would like to take Emory Zipperer's deposition on January 21, 2005 or any day during the week of January 24 through January 28, 2005. Toward that end, I enclose a Notice of Deposition for Emory Zipperer for January 21, 2005. If that date does not work for you, please let me know what date is available during the week of January 24-28. I would appreciate it if any responsive documents were produced to me no later than January 10, 2005, in advance of this deposition.

Theresa Finn Dever, Esq.
December 22, 2004
Page 2


Thank you for your attention to this matter.

Very truly yours,

*Constance H. McGrane*

Constance M. McGrane


CMM/lm:6676-115
Enclosures
cc:    James F. Kavanaugh, Jr., Esq.
216639.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 03-12379MLW

EMORY ZIPPERER,                           )
                                          )
          Plaintiff,                      )
                                          )
v.                                        )
                                          )
RAYTHEON COMPANY, INC.,                   )
                                          )
          Defendant                       )

## NOTICE OF DEPOSITION

TO:    Theresa Finn Dever, Esq.
       Riley & Dever, PC
       Lynnfield Woods Office Park
       210 Broadway, Suite 201
       Lynnfield, MA 01940-2351

Please take notice that the defendant, by its attorney, will take the deposition upon oral examination of plaintiff Emory Zipperer at 10:00 a.m. on Friday, January 21, 2005, at Conn Kavanaugh Rosenthal Peisch & Ford, LLP, Ten Post Office Square, Boston, Massachusetts, before a disinterested, duly qualified Notary Public or some other officer authorized by law to administer oaths. Said deposition shall continue from day to day until concluded.

You are invited to attend and cross-examine.

RAYTHEON COMPANY
By its attorneys,

*Constance M. McGrane*

James F. Kavanaugh, Jr. (BBO # 262360)
Constance M. McGrane (BBO # 546745)
CONN KAVANAUGH ROSENTHAL
  PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA 02109
(617) 482-8200

Dated: December 22, 2004

216641.1

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document
was served upon the attorney of record for each other
party by (hand) (mail) on _12/22/04_.

*Constance M. McGrane*

**EXHIBIT 2**

## CONN KAVANAUGH ROSENTHAL PEISCH & FORD, LLP

### COUNSELORS AT LAW

THOMAS E. PEISCH
BOB B. ROSENTHAL
JAMES F. KAVANAUGH, JR.
RUSSELL F. CONN
GEORGE M. FORD
JAMES B. PELOQUIN
BARRY E. GOLD
THOMAS J. GALLITANO
JAMES GRAY WAGNER
ERIN K. HIGGINS
STEVEN E. GURDIN
MICHAEL T. SULLIVAN
CONSTANCE M. MCGRANE

Ten Post Office Square, Boston, Massachusetts 02109

Tel: (617) 482-8200

Fax: (617) 482-6444

WRITER'S DIRECT DIAL: (617) 348-8214
E-MAIL: CMCGRANE@CKRPF.COM

KURT B. FLIEGAUF
RONALD M. JACOBS
CAROL A. STARKEY
JENNIFER M. NORTON
SARA L. GOODMAN
MICHAEL R. BERNARDO
CARA A. FAUCI
JOHANNA L. MATLOFF
AMY C. STEWART
BETH NUZZO NEWMARK
SARAH E. WEBER

January 19, 2005

<u>Via Fax and First Class Mail</u>

Theresa Finn Dever, Esq.
Riley & Dever, PC
Lynnfield Woods Office Park
210 Broadway, Suite 201
Lynnfield, MA 01940-2351

RE:  <u>Emory Zipperer v. Raytheon Company</u>
C.A. No. 03-12379 MLW

Dear Theresa:

As I said in my voicemail to you this morning and in prior correspondence, I would like to take the deposition of Mr. Zipperer before the close of discovery on January 31. I understand from your letter that you are unavailable next week, and on the date we initially noticed his deposition, January 21. Accordingly, I enclose a new Notice of Deposition for Mr. Zipperer on Monday, January 31, 2005. If neither you nor your husband are available on that date, please let me know what date Mr. Zipperer is available for his deposition during the week of January 24-28.

With respect to your question regarding the employment of Mr. Zipperer, he should apply on-line to any position he is qualified for at Raytheon. I do not have addresses to which Mr. Zipperer can send his resume. The hiring at Raytheon occurs primarily through this on-line method. In order for Mr. Zipperer to give re-employment a serious effort, he must apply on-line.

In the interim, we need to take his deposition.

Very truly yours,

*Constance M. McGrane*

Constance M. McGrane

CMM/lss/6676-115
Enclosure
cc:  James F. Kavanaugh, Jr., Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 03-12379MLW

EMORY ZIPPERER,                    )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )
                                   )
RAYTHEON COMPANY, INC.,            )
                                   )
        Defendant                  )

## NOTICE OF DEPOSITION

TO:    Theresa Finn Dever, Esq.
       Riley & Dever, PC
       Lynnfield Woods Office Park
       210 Broadway, Suite 201
       Lynnfield, MA 01940-2351

Please take notice that the defendant, by its attorney, will take the deposition upon oral

examination of plaintiff Emory Zipperer at 10:00 a.m. on Monday, January 31, 2005, at Conn

Kavanaugh Rosenthal Peisch & Ford, LLP, Ten Post Office Square, Boston, Massachusetts,

before a disinterested, duly qualified Notary Public or some other officer authorized by law to

administer oaths.  Said deposition shall continue from day to day until concluded.

You are invited to attend and cross-examine.

RAYTHEON COMPANY
By its attorneys,

*Constance H. McGrane*

James F. Kavanaugh, Jr. (BBO # 262360)
Constance M. McGrane (BBO # 546745)
CONN KAVANAUGH ROSENTHAL
  PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA 02109
(617) 482-8200

Dated: January 19, 2005

218301.1

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document
was served upon the attorney of record for each other
party by (hand) (mail) on  1/19/05

*Constance H. McGrane*