UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 03-12379 MLW

| | |
|---|---|
| EMORY ZIPPERER<br>　　Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| RAYTHEON COMPANY, INC.<br>　　Defendant. | )<br>)<br>) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

This case concerns an incorrect estimate of the amount of future pension benefits under the Raytheon Engineers & Constructors Retirement Plan ("the Plan") provided to the Plaintiff. The Plaintiff has brought three common law claims – for negligence, equitable estoppel and negligent misrepresentation - based upon this estimate. Judgment should enter for the Defendant because the claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). Further, to the extent that the complaint is considered to include any ERISA claim, the Plaintiff is not entitled to relief. Plaintiff cannot make out an ERISA claim, and is not entitled to recover damages, due to Raytheon's alleged misconduct as an administrator of a pension plan.

## I. FACTS[1]

Emory Zipperer ("Zipperer") began working for United Engineers & Constructors, Inc., ("UE&C"), a wholly owned subsidiary of Raytheon Company, Inc. ("Raytheon") in 1972, and began participating in the UE&C Retirement Plan in 1975. Complaint, ¶¶4, 5. In 1990, Zipperer began working for another Raytheon subsidiary, Raytheon Services Nevada ("RSN"). Complaint, ¶6. Zipperer's service date with RSN was adjusted to reflect his prior service with UE&C. Complaint, ¶11. In 1993, Zipperer began work for Raytheon Engineers & Constructors, Inc. ("RE&C"), the successor to UE&C. Complaint, ¶12. RE&C also credited Zipperer with his prior years of service with UE&C for purposes of calculating his pension benefits. Complaint, ¶12. In 1995, Bechtel Nevada replaced RSN as a contractor to the DOE, and the RSN pension trust fund monies were transferred to the Bechtel Nevada Employees Retirement Plan. Complaint, ¶13. RE&C was sold to Washington Group International ("WGI") on July 7, 2000. Complaint, ¶15. Zipperer terminated his employment with WGI on September 30, 2000. Complaint, ¶21.

On or about December 27, 1999, Zipperer completed a Request for Retirement Calculations for estimated retirement income from the RE&C Retirement Plan.[2] Complaint, ¶17, Affidavit of Evans W. Cheeseman, Jr. ("Cheeseman Aff."), ¶4, Exhibit B. On or about February 16, 2000, W. Scott Bishop, Plan Administrator, sent Zipperer a letter with estimates of retirement income. Complaint, ¶19, Cheeseman Aff., ¶5, Exhibit C. Zipperer received an estimate on or about February 16, 2000 that he could expect to receive $980.55 monthly if he chose joint and

---

[1] Pursuant to the standards applicable to motions under Fed. R. Civ. P. 12(c), and for purposes of this motion only, Raytheon takes as true the allegations in Zipperer's complaint. See Feliciano v. Rhode Island, 160 F.3d 780 (1st Cir. 1998).

[2] Because Zipperer refers to the Plan and other documents central to his allegations in his complaint, this Court may consider these documents in the context of this motion without converting the motion into a motion for summary judgment. See, Beddall v. State Street Bank and Trust Co., 137 F.3d 12, 16-17 (1st Cir. 1998); Fudge v. Penthouse Int'l, Ltd., 840 F.2d 1012, 1015 (1st Cir. 1988).

survivor annuities. Complaint, ¶19. Based on the estimate Zipperer received from the Plan Administrator, Zipperer and his wife allegedly made the decision to retire from their respective jobs. Complaint ¶20. Although he had allegedly received an estimate of $980.55 in February, 2000, when he began receiving monthly pension checks from Raytheon, the checks were in the amount of $840.64. Complaint, ¶23. This lower amount was consistent with another pension benefit estimate Zipperer received on or about October 5, 2000 from the Raytheon Benefit Center, after he had retired from WGI on September 30, 2000. Cheeseman Aff., ¶6, Exhibit D; Complaint, ¶21. In June of 2001, Zipperer was informed that he had been receiving the incorrect amount of pension benefits, and he was entitled to receive only $400.06 per month. Complaint, ¶24. Zipperer appealed the determination concerning his pension benefits, and the decision to pay him the correct amount of pension benefits was upheld by the Raytheon Benefit Appeals Committee. Complaint, ¶25, Cheeseman Aff., ¶7, Exhibit E.

  The Raytheon Engineers & Constructors, Inc. Pension Plan ("the Plan") is a pension plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, et seq. The Plan has reserved absolute discretion for interpreting and deciding questions under the Plan. More specifically, the Committee is to "determine any and all questions arising in the applications of the provisions of the Plan in such manner and upon such basis as the Committee shall in its absolute discretion deem to be proper and fair and equitable under the circumstances." Cheeseman Aff. ¶3, Exhibit A, Article 5.5. Zipperer has not alleged that he is not receiving the benefits to which he is entitled under the Plan. Put more positively, Zipperer is receiving all the benefits that he is entitled to under the Plan. Cheeseman Aff. ¶8. There is no allegation that the decision of the Raytheon Benefit Appeals Committee was improper under the terms of the Plan.

Instead, Zipperer alleges that Raytheon's failure to maintain "proper corporate records" led to the provision of incorrect data and information concerning his retirement benefits. Complaint ¶1. He further alleges that this "incorrect data and information" consists of a single estimate provided by the RE&C Pension Administrator, which caused he and his wife to retire. Complaint, ¶¶19 – 20. Each of Zipperer's claims are based upon Raytheon's conduct as administrator of the Plan, and governed by ERISA. Accordingly, Raytheon removed the case to this court based upon federal question jurisdiction on November 25, 2003. Following the removal, Raytheon answered the complaint on December 19, 2003.

## II. ARGUMENT

Raytheon is entitled to judgment on the pleadings under Fed. R. Civ. P. 12(c). Zipperer can prove no set of facts in support of his claims which would entitle him to relief. His claims all relate to the ERISA Plan, and as a matter of law are preempted. Further, the plaintiff cannot assert any cognizable claim for relief under ERISA. Accordingly, Raytheon is entitled to judgment in its favor. See Feliciano v. Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998).

### A. The Plaintiff's Claims are Preempted by ERISA

Zipperer's complaint for negligence with respect to administration of Raytheon's pension plans is preempted by ERISA. In each of his counts he claims damages as a result of the incorrect information he received from the Plan administrator. These claims all relate to the administration of the Plan. ERISA expressly authorizes an action to recover benefits under a plan. 29 U.S.C. § 1132(a)(1)(B). At the same time, however, ERISA supersedes any and all state laws insofar as those laws "relate to any employee benefit plan." ERISA, §514(a), as set forth in 29 U.S.C. § 1144(a) (the preemption clause); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987); Carlo v. Reed Rolled Thread

Die Co., 49 F.3d 790 (1st Cir. 1995); Degnan v. Publicker Industries, Inc., 83 F.3d 27 (1st Cir. 1996) (affirming dismissal of common law misrepresentation claim based upon alleged promises to revise corporate retirement plan).

The express preemption provisions of ERISA are "deliberately expansive, and designed to 'establish pension plan regulation as exclusively a federal concern.'" Pilot Life Ins. Co., 481 U.S. at 45-46. Further, the phrase "relate to" in the preemption clause is given its "broad common-sense meaning, such that a [common law cause of action] 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" Id. at 47, citing Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724 (1985). The preemptive effect of ERISA requires the plaintiff's common law claims to be dismissed. Carlo v. Reed Rolled Thread Die Co., 49 F.3d 790 (1st Cir. 1995); Degnan v. Publicker Industries, Inc., 83 F. 3d. 27 (1st Cir. 1996).

The plaintiff in Carlo received information from the defendant's personnel manager about the expected monthly benefits under an early retirement plan. The personnel manager indicated that the figures had been "certified" by the program administrator. Allegedly in reliance upon the figures, the plaintiff elected to accept the early retirement offer. When the actual benefits were determined, the defendant discovered that it had made a calculation error, apologized and offered the plaintiff an eleven day opportunity to revoke his decision and continue working. The plaintiff decided to take early retirement under protest. The First Circuit Court of Appeals, recognizing that the claims based upon alleged misrepresentations concerning the scope

and amount of early retirement benefits were "inseparably connected" to the plan, affirmed the dismissal of the state law claims.[3]

In Count I, Zipperer claims the incorrect estimate of his monthly retirement benefits resulted from negligence in maintaining employment records. This claim can only be evaluated with reference to the Plan to determine whether the estimate was incorrect. Reference to the Plan is required because the alleged misrepresentation itself concerns the amount of benefits Zipperer would be entitled to upon retirement. Similarly, in Count II, Zipperer claims that he reasonably relied upon incorrect information concerning the amount of his monthly pension benefits under the Plan. Again, this claim relates to the ERISA Plan. Finally, Count III alleges that Raytheon negligently misrepresented the amount of his pension benefits due under the Plan. Each of these claims are connected with the Plan. Each of his claims relate to administration of the Plan, and are governed exclusively by ERISA. The claims in his existing complaint - for negligence, equitable estoppel and negligent misrepresentation – are preempted and should be dismissed.

### B. Plaintiff Cannot Establish an Equitable Estoppel Claim under ERISA.

The First Circuit has recognized that it is questionable whether an equitable estoppel claim can exist under ERISA. Mauser v. Raytheon Company Pension Plan for Salaried Employees, et al., 239 F. 3d 51, 57 (1st Cir. 2001); Law v. Ernst & Young, 956 F. 2d 364, 360, n.9 (1st Cir. 1992). The First Circuit Court of Appeals has cautioned

---

[3] The Court seemed to open the possibility in a footnote that in some circumstances, a plaintiff who has received mistaken information but is not provided with the opportunity to continue working might have a cause of action under ERISA for breach of fiduciary duty. Carlo, 49 F. 3d at 795, footnote 5. Although it is unlikely that such a claim could exist based upon a single incorrect estimate, if it did Zipperer would not be entitled to damages. See Argument at D, infra. Further at the time Zipperer ceased working, he was no longer working for Raytheon, but was working for WGI. Complaint, ¶21. Raytheon could not reinstate Zipperer to his former position at the time the

against creating new common law rules for pension plans given ERISA's expansive preemption provisions. Mauser, 239 F. 3d at 57. If such a claim does exist, however, Zipperer's complaint fails to establish the required elements. Further, the relief sought would require an impermissible modification of the pension plan to provide him with a higher level of benefits.

In the First Circuit, an equitable estoppel claim requires two elements: 1) the party to be charged must make a "definite misrepresentation of fact to another person having reason to believe that the other will rely upon it" and 2) the other party "must rely reasonably on the misrepresentation to his detriment." Mauser, 239 F. 3d at 57, Law, 956 F. 2d at 368. In this case, the single statement that Zipperer alleges was made regarding the amount of his pension by Raytheon that he relied upon in making his decision to retire was an estimated computation of benefits indicating that he could receive $980.55 monthly if he chose joint and survivor annuities. Complaint ¶19. This calculation was described as an estimate when it was provided to Zipperer. Cheeseman Aff. ¶ 5, Exhibit C.[4] An estimate is not a definite misrepresentation of fact – it is only an estimate.

The description of the estimate notified the plaintiff of the conditional nature of the figures. Indeed, the facts as alleged in the complaint demonstrate the conditional nature of the figures. Zipperer alleges that the benefit computation indicated that he would receive $980.55 monthly if he chose joint and survivor annuities, yet when he began receiving his monthly pension checks they only amounted to $840.64. Complaint, ¶¶19, 23. Nor was his reliance on the estimate reasonable given its conditional nature.

---

mistake was discovered because the position Zipperer left was at WGI. In any event, if there is such a claim it would be governed by ERISA, and Zipperer's common law claims are preempted.

[4] The plaintiff did not attach this estimate to his complaint or produce it in discovery. Because it is central to the allegations, Raytheon has attached the February 16, 2000 estimate to the Cheeseman Aff. See footnote 2, *supra*.

See Hein v. Federal Deposit Ins. Corp., 88 F. 3d 210 (3d Cir. 1996), cert. denied, 519 U.S. 1056 (1997) (plaintiff could not reasonably rely on a conditional letter from the plan's administrator to establish vested right to early retirement benefits, especially in face of written Plan document that set out qualification requirements).

Federal courts which have recognized a cause of action for equitable estoppel under ERISA have required the plaintiff to show the existence of extraordinary circumstances tantamount to fraud in order to make out such a claim. Negligence is insufficient. Fitch, et al. v. Chase Manhattan Bank, N.A., et al., 64 F. Supp. 2d 212, at 226-228 (W.D.N.Y. 1999) (noting that arguments that negligent misrepresentations estop administrators from enforcing plans' written terms have been singularly unsuccessful); Gramm v. Bell Atlantic, 983 F. Supp. 585 (D.N.J. 1997) (equitable estoppel claim dismissed where miscalculation of benefits result of unfortunate mistake devoid of extraordinary circumstances). Zipperer alleges that the single estimate made by Raytheon Engineers & Constructors, Inc. caused him to retire from Washington Group International. He has not alleged, nor is there any basis to allege, that the estimate was provided to him in bad faith. No fraudulent subterfuge has allegedly been employed by the defendant sufficient to make out an equitable estoppel claim. See Alcorn v. Raytheon Company, et al., 175 F. Supp. 2d 117 (D. Mass. 2001) (equitable estoppel claim to invalidate defense that suit time-barred failed where no facts to show fraud employed by defendant).

Even if Zipperer could make out an equitable estoppel claim, however, to be actionable the relief sought must be based on a plausible interpretation of the plan rather than a modification. Law v. Ernst & Young, 956 F. 2d 364, 370 (1st Cir. 1992) (erroneous

and inflated pension figure was not reasonable alternate reading of relevant plan therefore plaintiff could not rely on estoppel theory to modify ERISA plans); Slice v. Sons of Norway, 34 F. 3d 630 (8th Cir. 1994) , (plaintiff who received erroneous statement of pension benefits due to computational error could not state equitable estoppel claim where sought to modify retirement plan to receive higher, erroneous amount). Here Zipperer essentially requests Raytheon to modify the terms of the plan to provide him with the initial, incorrect, estimate of his monthly retirement benefits. This relief is not permitted under ERISA. It is not a reasonable reading of the Plan.

### C. Zipperer's Allegations Fail to State an ERISA Claim

ERISA's civil enforcement provisions, at Section 502 (a), provide the exclusive vehicle for Zipperer to enforce his rights under the Raytheon pension plan. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 52 (1987). Under the civil enforcement provisions, a plan participant may sue to recover benefits due, to enforce rights under the plan or to clarify rights to future benefits. In addition, a participant may bring a cause of action for breach of fiduciary duty to seek appropriate relief due to the breach of fiduciary duty. Id. at 53. Zipperer has not alleged that he is not receiving the appropriate level of benefits under the Plan. Accordingly, he cannot make out a claim for benefits due. Further, he is not seeking the recovery of any losses to the Plan or other relief provided under ERISA for breach of fiduciary duty. See 29 U.S.C. §1109 (describing liability for breach of fiduciary duty).

Upon Raytheon's determination that it was providing Zipperer with the wrong level of benefits, it corrected its mistake and provided notice to Zipperer of the correct level. Complaint, ¶24. It also considered and denied Zipperer's appeal of the decision

concerning his pension benefits. Complaint, ¶25. Zipperer makes no allegation that he is not receiving the level of benefits he is entitled to receive under the terms of the Plan. Indeed, Zipperer is receiving the benefits he is entitled to receive under the Plan. Cheeseman Aff. ¶8. Accordingly, he can make no claim for benefits under ERISA, Section 502 (a)(1) (B), 29 U.S.C. §1132(a)(1)(B).

To the extent Zipperer attempts to assert a claim to obtain "appropriate equitable relief" under ERISA's Section 502(a)(3), 29 U.S.C. § 1132 (a)(3), that claim must also fail because the Plan has been implemented according to its terms. Alves v. Harvard Pilgrim Health Care, Inc., 204 F.Supp. 2d 198, 210 (D. Mass. 2002), aff'd, 316 F. 3d 290 (1st Cir. 2003); see Slice v. Sons of Norway, 34 F. 3d 630, 631 (8th Cir. 1994) (where participant allegedly retired based upon erroneous statement of pension benefits because of computational error failed to state a claim under any provision of ERISA). As recognized in Alves, "there can be no breach of fiduciary duty where an ERISA plan is implemented according to its written, nondiscretionary terms." Alves, 204 F. Supp. 2d at 210.

Further, even if the estimate could be classified as an affirmative misrepresentation, mere negligence in its communication will not make out a claim for breach of fiduciary duty. Instead, as with a claim for equitable estoppel, Zipperer must show extraordinary circumstances sufficient to show that Raytheon intentionally made a misrepresentation, acted in bad faith, or fraud on the part of the plan administrators to make out a claim for breach of fiduciary duty. See, Sampson v. Rubin, 2002 WL 31432701, n. 3 (D. Mass.), citing Watson v. Deaconess Waltham Hospital, 298 F. 3d 102

(1st Cir. 2002), and <u>Alves v. Harvard Pilgrim Health Care, Inc.</u>, 204 F. Supp. 2d 198 (D.Mass. 2002). Zipperer can make no such showing.

Instead, Zipperer has only alleged that Raytheon's negligence in how it kept employment records led to incorrect information concerning the amount of his retirement benefits. This is insufficient to make out a claim for breach of fiduciary duty. There is no allegation, nor is there any basis for alleging, that the pension benefit estimate was knowingly false or provided in an effort to deliberately or affirmatively mislead Zipperer. <u>Compare</u>, <u>Degnan v. Publicker Industries, Inc.</u>,42 F. Supp. 2d 113 (D. Mass. 1999) (issues of material fact as to whether misrepresentations as to employee's retirement benefits were knowing in order to induce plaintiff into accepting an early retirement package and foreclosing him from competing in the industry precluded summary judgment). Raytheon Engineers and Constructors, Inc. had absolutely nothing to gain if it provided the wrong estimate to Zipperer. There are no extraordinary circumstances alleged to suggest breach of fiduciary duty under ERISA.

### D. Zipperer is Not Entitled to Damages Under ERISA.

Zipperer makes claims for money damages and attorneys fees in his complaint. A plaintiff may only seek equitable relief, not legal relief such as money damages, under Section 502(a)(3) of ERISA for breach of fiduciary duty. <u>Great –West Life & Annuity Insurance Company</u>, 534 U.S. 204 (2002). Claims for consequential losses and lost benefits, even if framed as requests for restitution as a form of equitable relief, are not available under Section 502(a)(3) of ERISA. <u>Sampson v. Rubin</u>, 2002 WL 31432701 (D. Mass.). Accordingly, even if Zipperer could allege any claim for breach of fiduciary duty, since the damages he claims are legal in nature, he is not entitled to relief. The

United States Supreme Court's decision in Great-West Life restricts relief under ERISA's Section 502(a)(3) to traditional forms of equitable relief, thus "almost entirely foreclosing the possibility of receiving money damages for a breach of a fiduciary duty under ERISA." Id. at 2002, citing Great-West Life, 122 S.Ct. at 712. See also, Hein v. Federal Deposit Insurance Corporation, 88 F. 3d 210 (3rd Cir. 1996), cert. denied, 519 U.S. 1056 (1997) (participant's fiduciary duties claims dismissed as a matter of law because monetary damages are legal damages and not appropriate equitable relief). Zipperer cannot assert a cognizable claim for damages under ERISA.

## III. CONCLUSION

Judgment should enter for Raytheon because Zipperer's claims are preempted by ERISA. Further, even if the complaint is construed to include an ERISA claim, plaintiff cannot allege facts sufficient to make out an ERISA claim. Where the plaintiff cannot state a claim upon which relief can be granted, it is appropriate to enter judgment for the defendant. See Slice v. Sons of Norway, 34 F.3d 630 (8th Cir. 1994) (Court upheld district court's denial of leave to amend after dismissal of complaint where former retiree who received erroneous statement of pension benefits could not state a claim upon which relief could be granted). Raytheon respectfully requests that this Court enter judgment in its favor because the plaintiff is not entitled to relief under ERISA.

RAYTHEON COMPANY
By its attorneys,


/s/ Constance M. McGrane
James F. Kavanaugh, Jr. (BBO # 262360)
Constance M. McGrane (BBO # 546745)
CONN KAVANAUGH ROSENTHAL
 PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA 02109
(617) 482-8200


Dated: March 1, 2005

220348.1