UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMORY ZIPPERER<br><br>    Plaintiff,<br><br>vs.<br><br>RAYTHEON COMPANY, INC.<br><br>    Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. : 03-12379 MLW<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION RE: DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

The Plaintiff Emory Zipperer ("Plaintiff" or "Zipperer") hereby files the following objections to the Report and Recommendation Re: Defendant's Motion For Judgment On The Pleadings ("Report and Recommendation").

Specifically, the Plaintiff's objections are as follows:

1. That the Report and Recommendation allowing Defendant's Motion For Judgment On The Pleadings is an error of law.

2. That the Report and Recommendation contains an erroneous finding of fact that the Plaintiff's claim is a claim for extra-contractual benefits not authorized by the Raytheon Benefits Plan. (Report and Recommendation, p. 10). Instead, the Plaintiff Zipperer is seeking tort damages for the negligence and negligent misrepresentation of the Defendant Raytheon Company in providing incorrect personnel information to the Raytheon Benefits Center, the administrator of the Plan.

3. That the Report and Recommendation contains an erroneous finding of fact that "only by virtue of the Raytheon Benefit Center's February 2000 calculation and its administration of the Plan that Zipperer maintains there was a misrepresentation." (Report and Recommendation, p. 10). In fact, Plaintiff Zipperer's claim does not state that the Raytheon Benefit Center miscalculated his benefits but rather calculated his benefits based upon erroneous information given it by Raytheon Company. Indeed, when the Raytheon Benefits Center determined that it had been given incorrect information concerning Zipperer's dates of service, it sent him a letter detailing the actual amount he should be paid under the Plan. Zipperer does not claim that he was not paid in accordance with the Plan. Therefore, there would be no need for Zipperer's claim to involve an interpretation of the terms of payment pursuant to the Plan.

4. That the Report and Recommendation allowing Defendant's Motion To Dismiss should be reversed or stayed in light of the case of *Miara v. First AllAmerica Financial Life Insurance Company*, 2005 WL 1463299 (D. Mass., June 16, 2005), in which the District Court held that state law claims alleging misrepresentations did not "relate to" a benefit plan for purposes of ERISA preemption, and further certified the issue of ERISA preemption to the First Circuit Court of Appeals. Oral argument in the instant case occurred on April 27, 2005 prior to the District Court's issuance of the *Miara* decision on June 16, 2005. The Magistrate's decision issued on July 6, 2005. In the *Miara* decision, the District Court

addressed the same issue as the instant case, namely, whether state law claims were preempted by ERISA. Contrary to the Magistrate's conclusion in the instant case, the District Court in *Miara* analyzed ERISA law for each circuit and found that the First Circuit Court of Appeals had not squarely determined the issue of ERISA preemption of state law. Moreover, the District Court determined that in light of the Supreme Court Court's decision in *New York State Conf. Of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655, 115 S.Ct. 1671 (1995), the ERISA preemption provision should not be broadly construed. In the instant case, the Magistrate erroneously determined that the issue of ERISA preemption of state law claims was settled in the First Circuit. (Report and Recommendation, p. 11, "If there was any doubt regarding the preemption of all three of the state law causes of action, First Circuit law forecloses any such doubt.") In *Miara*, the District Court stated that Miara's state law claims of misrepresentation and breach of contract "cannot be considered the type of claims that Congress intended to preempt in enacting the ERISA statute." *Miara v. First AllAmerica Financial Life Insurance Company*, 2005 WL 1463299 (D. Mass., June 16, 2005). Similarly, Zipperer's state law claims are not preempted under ERISA as a matter of law as such claims do not sufficiently relate to an ERISA plan as required by the preemption provision.

WHEREFORE, the Plaintiff Emory Zipperer submits the foregoing objections and requests that the Magistrate's Report and Recommendation be sent to the United States District Court Judge for review.

EMORY ZIPPERER
By his Attorney,

Joseph P. Dever
B.B.O. No.: 564237
Theresa Finn Dever
B.B.O. NO.: 564319
RILEY & DEVER, P.C.
210 Broadway, Suite 201
Lynnfield, MA 01940
Tel.: (781) 581-9880

Dated: 7/15/05

## CERTIFICATE OF SERVICE

I, Joseph P. Dever, hereby certify that on July 15, 2005, I sent a copy of the Plaintiff's Objections To Report And Recommendation Re: Defendant's Motion For Judgment On The Pleadings by first class mail to Constance M. McGrane, Esq., counsel for Raytheon Company, at Conn Kavanaugh Rosenthal Peisch & Ford, LLP, Ten Post Office Square, Boston, Massachusetts 02109.

Joseph P. Dever