UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EMORY ZIPPERER, ) | CIVIL ACTION |
| ) | NO. 03-12379MLW |
| Plaintiff, ) |  |
| ) |  |
| v. ) |  |
| ) |  |
| RAYTHEON COMPANY, INC., ) |  |
| ) |  |
| Defendant ) |  |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION REGARDING RAYTHEON'S MOTION FOR JUDGMENT ON THE PLEADINGS

The defendant Raytheon Company ("Raytheon") hereby responds to the plaintiff's objections to the Honorable Magistrate Judge Marianne B. Bowler's recommendation regarding Raytheon's Motion for Judgment on the Pleadings.

1. The Report and Recommendation re: Defendant's Motion for Judgment on the Pleadings ("Recommendation") is consistent with settled law in the First Circuit that state law claims concerning erroneous statements about future benefits under a plan governed by the Employee Retirement Income Security Act ("ERISA") are preempted. See, e.g. Carlo v. Reed Rolled Thread Die Co., 49 F. 3d 790 (1st Cir. 1995); Degnan v. Publicker Industries, Inc., 83 F. 3d 27 (1st Cir. 1996).

2. The Magistrate accepted the plaintiff's allegations of fact as true and drew all reasonable inferences in his favor for purposes of the motion. Recommendation, page 2. The Magistrate's reasonable conclusions that plaintiff seeks extra-contractual benefits not authorized by the Raytheon Engineers & Constructors, Inc. Pension Plan ("the Plan"), and that the Plan's administration resulted in a wrong estimate, are not erroneous findings of fact. Instead, these conclusions necessarily resulted from a review of the plaintiff's allegations.

The plaintiff's claims are based upon his allegation that he received a wrong estimate of pension benefits from the Plan Administrator after he had been eligible to participate in the Plan for many years. Complaint, ¶19. These were not false statements or a description of the Plan which were provided by an unrelated third party to induce him to participate or contribute to a Plan. Instead, this was an estimate given to him by the Plan Administrator in its role relative to the Plan. When the wrong estimate was discovered, the plaintiff was informed of the mistake, and the correct amount of benefits due to him under the Plan was provided to him. Complaint, ¶24. The plaintiff alleges that Raytheon owed a duty to him to properly maintain records and information concerning his retirement plan. Complaint, ¶27. Any such duty would arise from Raytheon's role as employer in providing information to the plan administrator relative to the Plan. As such, the claims relate to the Plan and are preempted by ERISA. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45-46 (1987).

3. The request for certification in Miara v. First AllAmerica Financial Life Insurance Company, 2005 WL 1463299 (D.Mass.) was limited to a far more narrow question than plaintiff presents in his objections. The issue presented in Miara is: "does ERISA preempt state law claims against an insurer, an insurance agency, and an insurance agent stemming from

2

misrepresentations and assurances made by the insurance agent (acting on behalf of the insurer) in connection with the establishment of an employee benefit plan." The plaintiff's attempt to bootstrap this specific question into an overall request to reverse the Magistrate's careful preemption analysis is misplaced.

The facts in Miara are readily distinguishable. The case involved misrepresentations made by an insurer and its agents as to whether a defined benefit plan to be purchased for the plaintiff and her late husband's company would include full spousal benefits. It did not involve an estimate of retirement benefits provided after the plaintiff was already a participant in a plan. It also did not involve a claim which, as here, would affect relationships between principal ERISA entities, such as the employer, the plan, the plan fiduciaries and beneficiaries. (See Judge Young's discussion in Miara distinguishing Carlo v. Reed Rolled Thread Die Co., 49 F. 3d 790 (1st Cir. 1995) and Degnan v. Publicker Industries, Inc., 83 F. 3d 27 (1st Cir. 1996).) Raytheon is precisely within the scope of entities ERISA was designed to cover through preemption analysis in these circumstances. The fact that the defendant is an ERISA entity has an important influence upon the determination as to whether the plaintiff's state law claims relate to a Plan, and as a result are preempted. Hampers v. W.R. Grace & Co., Inc., 202 F. 3d 44, 53-54 (1st Cir. 2000). In contrast, the defendants in Miara apparently made misrepresentations to induce plaintiff to purchase their product, and were not fiduciaries with respect to an ERISA plan.

4. The Recommendation appropriately recognized that the determination whether a plaintiff's claim relates to a Plan should be made by considering the objectives of ERISA preemption. Recommendation at 9. The purposes of Congress's expansive preemption of state law claims under ERISA are familiar: 1) to promote the interests of employees and their

3

beneficiaries by establishing standards of conduct for, among other things, administration of plans and 2) to eliminate the threat of conflicting or inconsistent state and local regulation of employee benefit plans. See Miara v. First AllAmerica Financial Life Insurance Company, 2005 WL 1463299 (D.Mass.). ERISA is concerned with the reporting, disclosure, fiduciary responsibility and administration of Plans. A determination that a state cause of action could exist due to negligence in providing employee information in the process of administration of a Plan would undercut the purposes of ERISA.

The Magistrate recognized that ERISA's objectives of uniform national administration of ERISA plans and avoiding inconsistent state regulation of such plans would be undermined by permitting plaintiff to craft "an end run around the carefully chosen benefits Raytheon chose to provide and fund". Recommendation at 10. Further, plan administrators and employers would be deterred from providing any information about future benefits to employees if an estimate, albeit erroneous, could lead to liability. In addition, such claims would have a negative impact on the ability of an employer (Raytheon) to rely on the terms of the benefit plan. Such a result would thwart the ERISA objective of promoting the interests of employees and their beneficiaries. Raytheon is a traditional ERISA plan entity - an employer. The claims all relate to the Plan, and the administration of the Plan. As such, the plaintiff's claims are preempted by ERISA.

5.  The defendant objects to the Recommendation insofar as the plaintiff is being permitted to file a motion for leave to file an amended complaint. As set forth in the defendant's Motion for Judgment on the Pleadings, such an amendment would be futile. Further, the defendant will be prejudiced by allowing such a motion as discovery has been completed, and deadlines have

long passed for filing dispositive motions. The plaintiff has had an opportunity to file such a motion since the case was first removed to federal court in November of 2003. The defendant is entitled to the finality of a dismissal.

WHEREFORE, Raytheon respectfully requests that this Court adopt the Magistrate's Recommendation, except insofar as it allows the plaintiff an opportunity to move to file an amended complaint.

                                                RAYTHEON COMPANY
                                                By its attorneys,


                                                /s/ Constance M. McGrane
                                                James F. Kavanaugh, Jr. (BBO # 262360)
                                                Constance M. McGrane (BBO # 546745)
                                                CONN KAVANAUGH ROSENTHAL
                                                 PEISCH & FORD, LLP
                                                Ten Post Office Square
                                                Boston, MA 02109
                                                (617) 482-8200

DATED: July 20, 2005

231680.1