```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

EMORY ZIPPERER                   )
     Plaintiff,                  )
                                 )
     v.                          )  C.A. No. 03-12379-MLW
                                 )
RAYTHEON COMPANY, INC.,          )
     Defendant.                  )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                            March 30, 2006

    The court has considered the attached July 6, 2005 Report and Recommendation of the Magistrate Judge, the plaintiff's objections to it, and the defendant's reply and objection. With one exception explained below, the Report and Recommendation is well-reasoned and hereby adopted.

    As the magistrate judge correctly explained, the First Circuit's decisions in Carlo v. Reed Rolled Thread Die Co., 49 F.3d 790 (1st Cir. 1995) and Degnan v. Publicker Indus., Inc., 83 F.3d 27 (1st Cir. 1996) are directly on point. ERISA preempts the plaintiff's state-law claims.

    The plaintiff is incorrect to rely on Miara v. First AllAmerica Financial Life Ins. Co., 379 F. Supp. 2d 20 (D. Mass. 2005). In Miara, the court noted that "this case involves a suit against insurance agents and insurance companies, not employers, underwriters, or fiduciaries" of an ERISA plan. Id. at 47. Therefore, it declined to apply, Carlo and Degnan. In contrast, the instant case involves plaintiff Emory Zipperer's employer, who was

in charge of the ERISA plan. Therefore, <u>Carlo</u> and <u>Degnan</u> apply.

One of the plaintiff's objections is meritorious, however. The plaintiff asserts that the Report and Recommendation mis-states his claim when it says, "It is only by virtue of the Raytheon Benefit Center's February 2000 calculation and its administration of the Plan that Zipperer maintains there was a misrepresentation." Rep. & Rec. at 10. According to Zipperer, his complaint "does not state that the Raytheon Benefit Center miscalculated his benefits but rather calculated his benefits based upon erroneous information given it by Raytheon Company." Pl. Obj. at 2.

Zipperer is correct that the magistrate judge misstated this aspect of claim. The magistrate judge should have stated that "it is only by virtue of [Raytheon's] status as an ERISA employer with ... control over the administration and operation of" the employee benefits plan that the plaintiff is claiming a misrepresentation. <u>Hampers v. W.R. Grace & Co., Inc.</u>, 202 F.3d 44, 53 (1st Cir. 2000). Nevertheless, this minor misstatement is not material to the magistrate judge's otherwise well-reasoned analysis.

Accordingly, it is hereby ORDERED that:

1. The defendants' Motion for judgment on the pleadings (Docket No. 17) is ALLOWED. However, the plaintiff is granted leave to amend his complaint, if he can consistent with Federal Rule of Civil Procedure 11 state a claim on which relief can be granted.

2. The plaintiff shall file any amended complaint by April

28, 2006.

    3. The defendant shall answer or file a motion to dismiss any amended complaint by May 30, 2006.

                                          /s/ MARK L. WOLF  
                                          UNITED STATES DISTRICT JUDGE